*18-000244988*

0377,2237

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

| | |
|---|---|
| RAYMOND LEE | **CASE #:** 2018-032890-CA-01 |
| | **COURT:** CIRCUIT COURT |
| | **COUNTY:** MIAMI-DADE |
| PLAINTIFF(S) | **DFS-SOP #:** 18-000244988 |

VS.

LIBERTY SURPLUS INSURANCE CORPORATION

DEFENDANT(S)

_____/

SUMMONS, COMPLAINT, EXHIBIT

# NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by MAIL on Monday, October 15, 2018 and a copy was forwarded by ELECTRONIC DELIVERY on Thursday, October 18, 2018 to the designated agent for the named entity as shown below.

LIBERTY SURPLUS INSURANCE CORPORATION
LYNETTE COLEMAN
1201 HAYS STREET
TALLAHASSEE, FL 32301

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent fillings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080**

Jimmy Patronis
Chief Financial Officer

ANDREW L. WAKS
WAKS & BARNETT, P.A.
9900 SW 107TH AVE., #101
MIAMI, FL 33716

DR1

☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☑ CIVIL    ☐ OTHER<br>☐ DISTRICTS | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br>2018-032890-CA-01 |
|---|---|---|
| PLAINTIFF(S)<br><br>RAYMOND LEE | VS.  DEFENDANT(S)<br><br>LIBERTY SURPLUS INSURANCE<br>CORPORATION | SERVICE |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): ___ Liberty Surplus Insurance Corporation

c/o Florida Chief Financial Officer as RA

Service of Process Section, P.O. Box 6200

Tallahassee, Florida  32314-6200

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: ___ Andrew L. Waks, Esq.

whose address is: ___ 9900 SW 107th Avenue, Suite 101

Miami, FL  33176

Tel: (305) 271-8282

within 20 days * **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days.**" after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| | | DATE |
|---|---|---|
| **HARVEY RUVIN**<br>**CLERK of COURTS** | *[signature]* 219401<br>DEPUTY CLERK | 10/3/2018 |

**CLOCK IN**

*[left margin, rotated text]* on 15 October, 2018 and served on defendant or named party on 18 October, 2018 by the Florida Department of Financial Services.

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

RAYMOND LEE,

CASE NO:

    Plaintiff,

v,

Fla. Bar No: 241350

LIBERTY SURPLUS INSURANCE
CORPORATION,

    Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, RAYMOND LEE, by and through his undersigned counsel,

and hereby sues the Defendant, LIBERTY SURPLUS INSURANCE CORPORATION, and

alleges as follows:

1.    That this is an action for damages in excess of Fifteen Thousand ($15,000.00)

Dollars.

2.    That at all times material, the Plaintiff, RAYMOND LEE, was formerly a resident

of Miami-Dade County, Florida and presently resides in North Carolina.

3.    That at all times material, the Defendant, LIBERTY SURPLUS INSURANCE

CORPORATION, hereafter referred to as LIBERTY, is an insurance company and was doing

business in Miami-Dade County, Florida.

4.    That at the time of the incident, which is the subject matter of this lawsuit, the

Defendant, LIBERTY, had in full force and effect a policy of insurance, being policy number

AXI000465-0111, which insured Jazid Group, LLC d/b/a Club Jazid, hereafter referred to as

JAZID, and which was doing business in Miami Beach, Florida.

## **Factual Background**

5.      That this action arises out of an incident which occurred on or about December 3, 2011 when the Plaintiff, RAYMOND LEE, was a patron in JAZID.  That Plaintiff's friend, who had accompanied him to JAZID became involved in an altercation with one of JAZID's other patrons.  The patron became verbally abusive and physically threatening to the point that JAZID's security personnel had to remove him from the premises.  Several minutes after being removed from JAZID, the patron, hereafter referred to as S1, was allowed back into JAZID, with an associate, hereafter referred to as S2.  S1 and S2 returned to the same area upstairs at JAZID and began to abuse the Plaintiff's friend.  That the patrons S1 and S2 physically attacked Plaintiff's friend and when the Plaintiff attempted to intervene, he was stabbed several times by S1, sustaining very serious injuries and had to be airlifted to Ryder Trauma Center at Jackson Memorial Hospital.  That Plaintiff's friend suffered injuries as a result of the attack as well.

6.      That the Plaintiff sustained bad scarring from the attack as well as other injuries, which are disfiguring and permanent.

7.      That the Plaintiff, by and through his undersigned counsel, filed a Complaint in the Circuit Court for Miami-Dade County, Florida, entitled *Raymond Lee vs. Jazid Group, LLC d/b/a Club Jazid, Case No: 12-27325 CA 20*.  That said Complaint alleges that the Plaintiff was injured as a result of the negligence of the Defendant, JAZID.  A copy of the Complaint is hereby attached as Plaintiff's Exhibit A.

8.      That the Defendant, LIBERTY, denied coverage and refused to enter a defense on behalf of JAZID.

9.      That after several years of litigation, the Plaintiff, RAYMOND LEE, and the Defendant, JAZID, entered into a settlement and Consent Judgment.  That after a period of

negotiations, the parties agreed on a settlement which resulted in a Consent Judgment as against the Defendant, LIBERTY. The amount of the Consent Judgment is for Seven Hundred Fifty Thousand ($750,000.00) Dollars, exclusive of costs and attorney's fees. As part of the settlement agreement, the Plaintiff, RAYMOND LEE, was assigned any rights by JAZID as against the Defendant, LIBERTY. A copy of the Consent Judgment and Settlement Agreement are hereby attached as Plaintiff's Exhibits B and C.

10.    That pursuant to the Settlement Agreement and Consent Judgment, the Plaintiff delivered a demand letter to the Defendant, LIBERTY. The letter is dated April 9th, 2018 and contains a demand for $300,000.00, which is the principal amount of casualty insurance which would have covered JAZID in the underlying action. A copy of the demand letter is hereby attached as Plaintiff's Exhibit D. That the letter, which was dated April 9th, 2018 has not been responded to in any way by the Defendant, LIBERTY, in this action.

11.    That as a result of LIBERTY's failure to respond to the demand in this case, the Plaintiff is hereby entitled to recover the full amount of the Consent Judgment as against LIBERTY in the amount of $750,000.00, to include costs and attorney's fees incurred by JAZID in the underlying action, as well as costs incurred by the Plaintiff, RAYMOND LEE, in this action.

WHEREFORE, Plaintiff prays for an Order by this Court allowing the Plaintiff to recover the full amount of the Consent Judgment as against LIBERTY in the amount of $750,000.00.

Respectfully submitted,

WAKS & BARNETT, P.A.
Counsel for Plaintiff
9900 SW 107th Ave., #101
Miami, FL 33716
Tel: (305) 271-8282
Fax: (305) 595-9776
E-mail: waksbar@aol.com
        mary@waksbar.com

By: */s/ Andrew L. Waks*
    ANDREW L. WAKS
    Fla. Bar No: 241350

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

RAYMOND LEE,

CASE NO: 12-27325 CA20

    Plaintiff,

Fla Bar No: 241350

vs.

JAZID GROUP LLC
d/b/a CLUB JAZID,

THE ORIGINAL FILED
IN THE OFFICE OF THE CLERK

JUL 13 2012

    Defendant.

CIRCUIT & COUNTY COURT
MIAMI DADE COUNTY FLORIDA

_____/

## COMPLAINT

COMES NOW the Plaintiff, RAYMOND LEE, and hereby sues the Defendant, JAZID

GROUP LLC doing business as CLUB JAZID, and alleges as follows:

    1.    That this is an action for damages in excess of Fifteen Thousand ($15,000.00)

Dollars.

    2.    That at all times material, the Plaintiff, RAYMOND LEE, was a resident of

Charlotte, North Carolina.

    3.    That at all times material, the Defendant, JAZID CLUB LLC, is a corporation

organized under the laws in the State of Florida and had a primary place of business and was

doing business as CLUB JAZID (hereafter referred to as JAZID) in Miami Beach, Florida.

    4.    That on or about December 3rd, 2011, the Plaintiff was a patron at JAZID

and was lawfully on the premises as an invitee.

    5.    That prior to the incident, which is the subject matter of this lawsuit, the Plaintiff

1

**WAKS & BARNETT, P.A.**
9900 SW 107th Ave., #101, Miami, FL 33176 Tel: (305) 271-8282 Fax: (305) 595-9776



was in the upstairs level of the club with a friend. That the Plaintiff's friend accidentally spilled a drink on one of the other patrons who was in the club. That the patron (hereafter referred to as S1) became verbally abusive and physically threatening to the point that club security personnel had to remove him from the premises.

6.     That within several minutes after having been removed from the club, the S1 was allowed back into the club with an associate (hereafter referred to as S2), where they promptly returned to the same upstairs area as the Plaintiff and Plaintiff's friend. S1 and S2 began to verbally abuse Plaintiff's friend and then physically attacked him. The Plaintiff attempted to intervene and, as a result, was stabbed several times by S1, sustaining very serious injuries and had to be airlifted to Ryder Trauma Center at Jackson Memorial Hospital. The Plaintiff's friend suffered injuries as a result of the attack as well.

7.     That at all times material, the Defendant, JAZID, had a duty to use reasonable care for the safety of its patrons, including the Plaintiff herein.

8.     That the Defendant, JAZID, breached the duty of care which it owed to the Plaintiff and was negligent in one or more of the following manner:

(a)     That the Defendant failed to have adequate security measures and procedures in order to prevent the type of physical attack which occurred to the Plaintiff;

(b)     That the Defendant negligently failed to inspect S1 for weapons and that a reasonable inspection would have revealed the presence of weapons, including but not limited to a knife, which was in the possession of S1, and that S1 should never have been allowed in the club in the first place;

2.

(c)     That the Defendant negligently failed to keep S1 from re-entering the club after he had already been removed for security reasons;

(d)     That the Defendant had surveillance cameras but the Defendant failed to properly monitor the surveillance cameras in order to prevent S1 and S2 from re-entering the club;

(e)     That the club management and/or its security failed to advise the people who were monitoring entrance ways to the club that S1 had been previously removed and was not to be re-admitted to the club;

(f)     That after S1 had been admitted to the club for a second time and as soon as he went to the upstairs area where the Plaintiff was located, the Defendant negligently failed to have S1 and S2 immediately removed from the club;

(g)     That at the time S1 and S2 entered the club for the second time, the Defendant negligently failed to inspect each of them for weapons and that a reasonable inspection would have revealed the presence of weapons, including but not limited to knives;

(h)     That S1 was previously known to the Defendant to present a danger to its other patrons, that S1 had previously caused trouble at the club, had to be removed from the club and was known to have violent propensities, as well as a criminal record;

(i)     That the Defendant knew or should have known that S1 was a danger and should not have been admitted to the club.

(j)     That the Defendant failed to hire security employees who were properly trained to monitor and control patrons who are admitted to the club, and to properly search for

3

weapons.

9.     That as a direct and proximate result of the negligence of the Defendant, the

Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental

anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and

nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a

known or unknown previously existing condition. The losses are either permanent or continuing

in nature and the plaintiff will continue to suffer the losses in the future.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant, for costs

of this action, for prejudgment interest, for trial by jury and any other relief deemed just and

appropriate by this Honorable Court.

WAKS & BARNETT, P.A.
Attnys for Plaintiff(s)
9900 SW 107th Ave., #101
Miami, FL 33176
Tel: (305) 271-8282
Fax: (305) 595-9776

By: _____
ANDREW L. WAKS

4

IN THE CIRCUIT COURT OF THE 11ᵀᴴ
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 12-27325 CA 04

RAYMOND LEE,

     Plaintiff,

vs.

JAZID GROUP LLC
d/b/a CLUB JAZID,

     Defendant.

_____/

## CONSENT JUDGMENT

     PURSUANT to the Settlement Agreement filed by the Parties in this case and ratified by the

Court, it is

     ORDERED AND ADJUDGED as follows:

     1. That a Consent Judgment is hereby entered in favor of the Plaintiff, RAYMOND LEE, and

against the Defendant, JAZID GROUP LLC d/b/a CLUB JAZID, in the amount of Seven Hundred

Fifty Thousand ($750,000.00) Dollars, exclusive of costs and attorney's fees, and for post

judgment interest at the applicable rate per year for which sums let execution issue according to

law.

     2. That the **Consent Judgment is not to be recorded by the Clerk.**

     DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 04/04/17.

     BRONWYN C. MILLER
     CIRCUIT COURT JUDGE

PLAINTIFF'S
EXHIBIT
B

---

**FINAL ORDERS AS TO ALL PARTIES**
**SRS DISPOSITION NUMBER   12**
THE COURT DISMISSES THIS CASE AGAINST
ANY PARTY NOT LISTED IN THIS FINAL ORDER
OR PREVIOUS ORDER(S). THIS CASE IS CLOSED
AS TO ALL PARTIES.

Judge's Initials   **BCM**

---

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter.  The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.
cc:   All counsel of record

IN THE CIRCUIT COURT OF THE
11ᵀᴴ JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO: 2013-027325-CA-01

RAYMOND LEE,

     Plaintiff,

vs.

JAZID GROUP, LLC,

     Defendant.

_____/

## SETTLEMENT AGREEMENT

THIS is a settlement agreement between the Plaintiff, RAYMOND LEE, hereafter referred to as LEE, and the Defendant, JAZID GROUP, LLC d/b/a CLUB JAZID, hereafter referred to as JAZID

     That on the night of December 3ʳᵈ, 2011, the Plaintiff, LEE, was a patron on the premises of the Defendant known as CLUB JAZID. That while in the club, the Plaintiff was attacked by another patron and, as a result, the Plaintiff received serious injuries. The Plaintiff put the Defendant, JAZID, on notice that he intended to make a claim for negligence against the Defendant.

     That at the time of the incident, the Defendant, JAZID, was insured by Liberty Surplus Insurance Company (hereafter referred to as LIBERTY), policy number AXI000465-0111. That the policy contains coverage for personal injury, including assault and battery, with limits of One Million ($1,000,000.00) Dollars.



That the Plaintiff attempted to negotiate his claim with LIBERTY, however, LIBERTY denied coverage to the Defendant, JAZID. That the Plaintiff filed a negligence action against JAZID, being case *Raymond Lee vs. Jazid Group LLC*, Case No: 2012-027325- CA-01. That the Defendant, JAZID, tendered the defense of the action to LIBERTY, but LIBERTY refused to provide a defense in this case. That JAZID was, therefore, left to defend the case on its own.

That the parties proceeded to litigate the case by and through discovery, including paper discovery as well as depositions. That in the course of the litigation, the Plaintiff has provided the Defendant with copies of medical records as well as photographs showing the injuries sustained by the Plaintiff, LEE.

That at no time has LIBERTY attempted to provide either a defense or to negotiate a settlement in this matter on behalf of its insured, JAZID. Therefore, the parties have conducted good-faith settlement negotiations between themselves and have agreed that $750,000.00 is a fair and reasonable amount of compensation for the Plaintiff, LEE.

That the parties have agreed to the entry of a judgment being entered in the amount of $750,000.00 in favor of LEE and against the Defendant, JAZID. The judgment shall not be recorded. That as part of the settlement agreement, the Plaintiff, LEE, agrees to pursue the collection of the judgment amount of $750,000.00 directly from LIBERTY. That simultaneously with the execution of this settlement agreement, JAZID agrees to irrevocably assign to LEE any and all rights, claims or remedies which it may have or may have had against LIBERTY for exposing JAZID to liability and damages and for its refusal to defend and indemnify JAZID in this proceeding. This includes the assignment of any and all claims for damages, costs, and attorney's fees which JAZID has against LIBERTY for defense of this action.

That JAZID agrees to cooperate fully with LEE in the execution of the "Assignment" and in the prosecution of all necessary legal action against LIBERTY to final resolution.

That the parties agree to move for and request that this Court approve this agreement and the terms of the settlement set forth herein, and expressly waive any right to any appeal from any Order so approving.

That as part of this agreement, LEE agrees not to execute on this judgment against the Defendant, JAZID.

That if Plaintiff, LEE, is unsuccessful in his attempt to collect the settlement amount of $750,000.00 from LIBERTY, then the Plaintiff shall not attempt to collect the settlement amount from JAZID, and JAZID will in no way be obligated to pay the settlement figure.

The parties further agree that if the Plaintiff, LEE, files suit against LIBERTY, he will pursue costs and attorney's fees for himself and, in addition, costs and attorney's fees incurred by the Defendant, JAZID, in the defense of this claim.

Executed this 5th day of JAnuary , 2017.

By: _____
Raymond Lee
Plaintiff

By: _____
Jazid Group, LLC d/b/a
Club Jazid
Defendant

By: _____
Andrew L. Wyns, Esq.
Counsel for Plaintiff

By: _____
Brod Feldman, Esq.
Counsel for Defendant

# WAKS & BARNETT, P.A.
*Attorneys at Law*

Andrew L. Waks*

Joel M. Barnett
Jennifer Thompson

*Board Certified in
Admiralty & Maritime Law

April 9, 2018

Liberty Surplus Insurance Corporation
175 Berkeley Street
Boston, MA 02116-5066

Attn: Claims Dept.

Re:   My client:        Raymond Lee
        Your Insured:     Jazid Group LLC
        Policy no:        AXI000465-0111

Dear Sir or Madam:

This is to advise that the undersigned attorney represents Mr. Raymond Lee. Mr. Lee was seriously injured while he was a patron on the premises of your insured, known as the Club Jazid in Miami, Florida on or about December 3rd, 2011. Mr. Lee was in the upstairs part of the bar when an altercation began between the person who accompanied Mr. Lee to the club and another patron. Mr. Lee and others attempted to intervene in the fight and to use reasonable force to protect persons when Mr. Lee was assaulted by one of the other patrons. As a result of the assault and battery, Mr. Lee received serious stab wounds to his head and body. He was taken to Jackson Memorial Hospital where he required care for a period of 24 days. He sustained various internal injuries which required surgical intervention, as well as numerous lacerations around his head and neck. He has significant and permanent scarring to his head and neck area. He also has a significant scar as a result of surgical intervention on his stomach area. His medical bills to date are approximately $117,000.00.

This claim was reported to Club Jazid by my letter of February 1st, 2012. In response to the letter, the undersigned received correspondence and telephone communication from the club owner, Mr. Daniel Wohlstein. Mr. Wohlstein indicated that he had insurance on the club, but that it appeared as though coverage was going to be denied. The policy had been issued by Liberty Surplus Insurance Corporation to Jazid Group, LLC, whose business was described in the declarations page as "Bar". Mr. Wohlstein sent a copy of an e-mail which he had received from Mr. Kenneth Hirsh of Midlands Claim Administrators, Inc. indicating the denial of coverage. In addition, the undersigned spoke with Mr. Hirsh who indicated that he was denying coverage on behalf of the underwriters.

9900 SW 107th Avenue, Suite 101, Miami, FL 33176

Dade: (305) 271-8282                                                          Fax: (305) 595-9776
Broward: (954) 463-6667                                                   Toll Free: (800) 905-2891
                          E-mail: waksbar@aol.com
                          website: www.cruiselawyers.com

Liberty Surplus Insurance Corporation
My client:    Raymond Lee
Your Insured: Jazid Group LLC
Policy no:    AXI000465-0111
April 9, 2018
Page 2


The undersigned attorney filed suit on behalf of Raymond Lee in the Circuit Court for Miami-Dade County on or about July 13, 2012. No appearance was made by any attorneys appointed by Liberty, and no defense was ever provided by Liberty to or on behalf of Club Jazid during the course of the proceedings. Club Jazid was defended by a private law firm, Law Offices of Isaac Benmergui, P.A.

After a period of discovery, and the setting of a trial date, the parties entered into negotiations where a settlement was reached in the amount of $750,000.00 by way of a Consent Judgment. A copy of that judgment is hereby enclosed. Pursuant to the settlement agreement, Mr. Lee has been assigned the rights to pursue payment of the settlement amount. This agreement is in accordance with the federal *Coblenz* case, as well as the *Shook v. Allstate* case in Florida.

The policy contains an Assault and Battery Sub-Limit Endorsement with limits of $300,000.00 for bodily injury included in the "assault or battery hazard". This is to advise that Mr. Lee has given us authority to accept the policy limits in the amount of $300,000.00 in full and complete settlement of any and all claims against Jazid and any and all assigned claims against Liberty Surplus Insurance Corporation, including any costs, interest, and attorneys' fees. This offer to accept the policy limits is being made on the proviso that the limits of $300,000.00 must be tendered within thirty (30) days of the date of this letter.

We will look forward to your earliest advices.

Very truly yours,

WAKS & BARNETT, P.A.

Andrew L. Waks

ALW/mc
Encl.
cc: Raymond Lee
    ACI- Attn: Monica Palenzuela, CPSR

9900 SW 107th Avenue, Suite 101, Miami, FL 33176

Dade: (305) 271-8282                                          Fax: (305) 595-9776
Broward: (954) 463-6667                                      Toll Free: (800) 905-2891

E-mail: waksbar@aol.com
website: www.cruiselawyers.com

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 12-27325 CA 04

RAYMOND LEE,

      Plaintiff,

vs.

JAZID GROUP LLC
d/b/a CLUB JAZID,

      Defendant.

_____/

## CONSENT JUDGMENT

    PURSUANT to the Settlement Agreement filed by the Parties in this case and ratified by the

Court, it is

    ORDERED AND ADJUDGED as follows:

    1. That a Consent Judgment is hereby entered in favor of the Plaintiff, RAYMOND LEE, and

against the Defendant, JAZID GROUP LLC d/b/a CLUB JAZID, in the amount of Seven Hundred

Fifty Thousand ($750,000.00) Dollars, exclusive of costs and attorney's fees, and for post

judgment interest at the applicable rate per year for which sums let execution issue according to

law.

    2. That the **Consent Judgment is not to be recorded by the Clerk.**

    DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 04/04/17.

BRONWYN C. MILLER
CIRCUIT COURT JUDGE

FINAL ORDERS AS TO ALL PARTIES
SRS DISPOSITION NUMBER   12
THE COURT DISMISSES THIS CASE AGAINST
ANY PARTY NOT LISTED IN THIS FINAL ORDER
OR PREVIOUS ORDER(S). THIS CASE IS CLOSED
AS TO ALL PARTIES.
                    Judge's Initials   BCM

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter.  The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed original order sent electronically to the Clerk of Courts for filing in the Court file.
cc:  All counsel of record

# WAKS & BARNETT, P.A.

*Attorneys at Law*

**Andrew L. Waks\***

**\*Board Certified in
Admiralty & Maritime Law**

**Joel M. Barnett
Jennifer Thompson**

October 5, 2018

Chief Financial Officer
Service of Process Section
P.O. Box 6200
Tallahassee, FL  32314-6200

Re:    Raymond Lee vs. Liberty Surplus Insurance Corporation
       Case No:  2018-032890-CA-01

Dear Sir or Madam:

With regard to the above-captioned matter, enclosed please find the following:

1. Two exact copies of the Summons issued by the Clerk.
2. One copy of the Complaint with exhibits A through D
3. Our check in the sum of $15.00 payable to Chief Financial Officer

Kindly forward the return of service to the undersigned at your earliest opportunity.

Thank you for your attention to this matter.

Very truly yours,

WAKS & BARNETT, P.A.

Andrew L. Waks
ALW/mc
Encl.

**9900 SW 107th Avenue, Suite 101, Miami, FL 33176**

Dade: (305) 271-8282
Broward: (954) 463-6667

Fax: (305) 595-9776
Toll Free: (800) 905-2891

E-mail: waksbar@aol.com
website: www.cruiselawyers.com

Case 1:18-cv-24849-KMW Document 1-2 Entered on FLSD Docket 11/19/2018 Page 21 of 23

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

RAYMOND LEE,                                      CASE NO.: 2018-032890-CA-01

     Plaintiff,

v.

LIBERTY SURPLUS INSURANCE
CORPORATION,

     Defendant.

_____/

### **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, LIBERTY SURPLUS INSURANCE CORPORATION, by and through undersigned counsel, hereby moves to dismiss Plaintiff's Complaint and in support therefor states as follows:

1.    Plaintiff, Raymond Lee ("Lee"), has filed a Complaint claiming against from Defendant, Liberty Surplus Insurance Company ("Liberty") that he is entitled to $750,000 from Liberty after Liberty denied coverage to its insured, Jazid Group, LLC, forcing Lee and Jazid to enter into a consent judgment for $750,000.

2.    Plaintiff has failed to state a claim against Liberty for several reasons.

3.    First, there is no allegation that the consent judgment was entered into in good faith and without fraud or collision, as required by Florida law. *Steil v. Florida Physicians' Insurance Reciprocal*, 448 So.2d 589 (Fla. 2d DCA 1984).

4.    Second, a Florida consent judgment can only be enforced up to the policy limit, unless there is an additional showing of bad faith. *Perera v. USF&G*, 35 So. 3d 893

CASE NO.: 2018-032890-CA-01

(Fla. 2010); *Mobley v. Capitol Specialty Ins.*, 2013 U.S. Dist. LEXIS 101329 (S.D. Fla. 2013).

5.      Third, there is no coverage under the policy, therefore, Liberty is not liable to Lee for any portion of the consent judgment.  And, if it is, Lee has failed to allege that the total amount of the consent judgment, $750,000, is covered or distinguish between covered and uncovered portions of the consent judgment. Bradfield v. Mid-Continent Cass. Co., 2015 WL 6956543 (M.D. Fla. 2015).

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 19th day of November, 2018, a true and correct copy of the foregoing was filed with the Clerk of Miami-Dade County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: waksbar@aol.com; mary@waksbar.com; Andrew L. Waks, Esquire, WAKS & BARNETT, P.A., 9900 S.W. 107th Avenue, Suite 101, Miami, FL 33716.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (305) 350-5346
Facsimile (305) 373-2294
Primary e-mail: scott.cole@csklegal.com
Secondary e-mail: mary.rigau@csklegal.com
Primary e-mail:  brian.dominguez@csklegal.com
Secondary e-mail: johana.alfaro@csklegal.com

CASE NO.: 2018-032890-CA-01

By:  s/ Scott A. Cole
     SCOTT A. COLE, ESQUIRE
     Florida Bar No.:  885630
     BRIAN A. DOMINGUEZ, ESQUIRE
     Florida Bar No.:  91019

3